IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**BILLY JOE CHAMBERS,**

                        Petitioner,

              v.                           CASE NO. 10-3018-RDR

**C. CHESTER,**

                        Respondent.


                            **O R D E R**

    This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner incarcerated in a federal prison camp in Leavenworth, Kansas, proceeds pro se and has submitted the district court filing fee.

    In his petition and supporting memorandum, petitioner states he is scheduled to complete the Residential Drug Abuse Treatment Program ("RDAP") on June 1, 2010, and to be transferred to a halfway house on June 15, 2010, or earlier pursuant to 18 U.S.C. § 3621(e). Petitioner filed this action to instead seek his immediate release to an Residential Reentry Center ("RRC") in Arkansas pursuant to 18 U.S.C. § 3621(b) which petitioner maintains would allow him to be transferred at any time, and would not subject him to the possibility under § 3621(e) of revocation or delay of his eligibility for RRC placement.[1]

---

[1] Petitioner cites a disciplinary action in January 2010 for which he states he lost eleven months of privileges. The court treats this information as relevant to petitioner's argument that disciplinary proceedings impact his RDAP eligibility under § 3621(e). Petitioner does not allege constitutional error in this January 2010 proceeding, and there is nothing to indicate petitioner

Petitioner acknowledges he has not pursued such relief through the administrative remedy process, but contends doing so would be futile under established BOP policy, and contends his scheduled release in the near future would likely occur prior to his full exhaustion of administrative remedies. Having examined petitioner's pleading, the court petitioner must exhaust available administrative remedies, and concludes the petition should be dismissed without prejudice because it is clear on the face of the petition that petitioner has failed to do so.

Although § 2241 does not expressly require exhaustion of remedies, the Tenth Circuit has held that exhaustion of administrative remedies is a prerequisite to the filing of a § 2241 habeas corpus petition. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(per curiam). This exhaustion requirement is satisfied by the use of available administrative remedies, such as BOP's Administrative Remedy Program.[2] *See Woodford v. Ngo*, 548 U.S.

---

appealed the disciplinary adjudication. The court thus does not treat petitioner's information about the January 2010 discipline as raising a separate habeas corpus claim under § 2241.

[2]The BOP provides an Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informal resolution with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden on a BP-9 form. 28 C.F.R. § 542.14. If not satisfied with the Warden's response, an inmate may appeal to the Regional Director on a BP-10 form. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the BOP's Central Office on a BP-11 form. Id. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

81, 90 (2006).

There are "limited exceptions" to the exhaustion prerequisite, including "a narrow futility exception," which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254;" and "other circuits have recognized in the context of petitioners brought under § 2241." *Ciocchetti v. Wiley*, 2009 WL 4918253 (10th Cir. December 22, 2009)(unpublished, citing published cases).[3] Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted). Petitioner's conclusory statements of futility in the present case do not satisfy this burden.

Nor may petitioner use his scheduled RRC transfer date to justify his failure to seek administrative review earlier. Petitioner states he has been in federal custody since 1988, and cites an October 2007 decision finding him eligible for RDAP. Petitioner thus has had ample opportunity to exhaust administrative remedies on his claim for RRC placement pursuant to § 3621(b).

Exhaustion serves important purposes which should not be disregarded lightly. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."). The exhaustion of administrative

---

[3]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1, and not as controlling precedent.

procedures allows for the development of a factual record, allows for the application of agency expertise to the claims, and may allow the resolution of the claims without resort to the court.

In the present case, petitioner seeks an individualized assessment under § 3621(b) for immediate RRC placement, thus his claims appear to be particularly appropriate for review under the administrative procedures. In light of these circumstances, the court declines to accept petitioner's claim of futility, and finds on the face of petitioner's pleadings that he has not met his burden of showing any extraordinary circumstances that excuse him from the exhaustion requirement.

IT IS THEREFORE BY THE COURT ORDERED that this matter is dismissed without prejudice to allow petitioner to complete his exhaustion of administrative remedies.

DATED: This 16th day of February 2010, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge